1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

United States District Court
For the Northern District of California

11   WILLIE WEAVER,                    )
                                       )   No. C 07-02877 JW (PR)
12                 Plaintiff,          )
                                       )   ORDER OF DISMISSAL
13        vs.                          )
                                       )
14   RICH CREEK,                       )
                                       )
15                 Defendant.          )
                                       )
16   _____

17

18        Plaintiff, a California state prisoner and frequent litigant in this Court, has

19   filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. § 1983.  He seeks to

20   proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915. (Docket No. 3)

21

22                          **DISCUSSION**

23   A.     <u>Standard of Review</u>

24        Federal courts must engage in a preliminary screening of cases in which

25   prisoners seek redress from a governmental entity or officer or employee of a

26   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

27

28   Order of Dismissal
     N:\Pro - Se\7.27.2007\07-02877 Weaver2877_dismissal.wpd

United States District Court

For the Northern District of California

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

2  frivolous, malicious, or fails to state a claim upon which relief may be granted," or

3  "seeks monetary relief from a defendant who is immune from such relief." Id. §

4  1915A(b).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police

5  Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

7  elements: (1) that a right secured by the Constitution or laws of the United States

8  was violated, and (2) that the alleged violation was committed by a person acting

9  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    Legal Claims

11      Plaintiff claims that defendant Correctional Officer Rich Creek violated his

12  rights to assist other inmates when Officer Creek confiscated confidential legal mail

13  which plaintiff was holding for another inmate.  Plaintiff cites California code

14  regulations in support of this alleged right to assist other inmates.  Plaintiff

15  concludes that defendant's action constitutes a violation of the Eighth Amendment's

16  prohibition against cruel and unusual punishment.

17      In its prohibition of "cruel and unusual punishment," the Eighth Amendment

18  places restraints on prison officials, who may not, for example, use excessive force

19  against prisoners.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The

20  Amendment also imposes duties on these officials, who must provide all prisoners

21  with the basic necessities of life such as food, clothing, shelter, sanitation, medical

22  care and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994);

23  DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200

24  (1989)).

25      A prison official violates the Eighth Amendment when two requirements are

26  met: (1) the deprivation alleged must be, objectively, sufficiently serious, see

27

28

United States District Court

For the Northern District of California

1    Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2)

2    the prison official possesses a sufficiently culpable state of mind, see id. (citing

3    Wilson, 501 U.S. at 297).

4         Plaintiff's claim is without merit.  It can hardly be said that the confiscation

5    of mail, much less someone else's mail, is a deprivation of a basic necessity of life

6    such as food, clothing, shelter, sanitation, medical care and personal safety to

7    constitute an Eighth Amendment violation.  The confiscation of legal mail,

8    particularly that of another inmate, is not objectively, sufficiently serious.  See

9    Farmer, 511 U.S. at 834.  Since plaintiff has failed to meet the first requirement, it is

10   not necessary to inquire into defendant's state of mind when he allegedly

11   confiscated the mail.  Id.

12        Even if plaintiff's claim is liberally construed as a taking of legal mail to

13   deprive plaintiff of his right of access to courts, see Lewis v. Casey, 518 U.S. 343,

14   350 (1996), it would still fail.  Any such claim lies solely with the inmate to whom

15   the mail actually belonged.  Plaintiff does not have standing to complain about the

16   deprivations of the constitutional rights of others.  See Powers v. Ohio, 499 U.S.

17   400, 410 (1991).

18        Accordingly, this complaint is DISMISSED for failure to state a claim upon

19   which relief may be granted.  See 28 U.S.C. § 1915A.

20

21                                      **CONCLUSION**

22        For the foregoing reasons, this claim is DISMISSED pursuant to 28 U.S.C. §

23   1915A.  The clerk shall terminate all pending motions as moot.  No fee is due.

24

25   DATED: _____July 25, 2007_____        _____

26                                            JAMES WARE
                                             United States District Judge

27

28   Order of Dismissal
     N:\Pro - Se\7.27.2007\07-02877 Weaver2877_dismissal.wpd      3